**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 25-10285-JFW(AGRx)** | Date: October 29, 2025 |

Title: Sandrini Smith -v- Bridge to Home SCV, et al.

---

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

On October 21, 2025, *Pro Se* Plaintiff Sandrini Smith ("Plaintiff") filed a Complaint against Defendants Bridge to Home SCV and Trisha McDowell (collectively, "Defendants").

The Federal Rules of Civil Procedure require that "[a] pleading that states a claim for relief *must contain* . . . a short and plain statement of the grounds for the court's jurisdiction." Federal Rule of Civil Procedure 8(a) (emphasis added). In addition, the Local Rules provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction." Local Rule 8-1. "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). "Under 28 U.S.C. § 1331, federal courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

In the Complaint, Plaintiff has failed to include a jurisdictional statement or otherwise allege any basis for this Court's jurisdiction and, as a result, has failed to properly allege that this Court has jurisdiction over this action. Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **November 7, 2025**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.